{¶ 19} I respectfully concur in judgment only with the majority opinion to reverse and remand for resentencing. I write separately to explain. In this case, Cousin was sentenced for attempted robbery, receiving stolen property, and drug possession. At his sentencing hearing, he was not sentenced to post-release control or notified that he was subject to post-release control. However, the trial court's journal entry showed post-release control as a part of Cousin's sentence. This journal entry is reminiscent of the one in State v. Bryant.[2] InBryant, we concluded from the record that Bryant had not appeared before the trial court at the time of the trial court's journalization of the post-release control. Bryant also had not been advised of the imposition of post-release control at his sentencing hearing. Consequently, we concluded the trial court had violated Crim.R. 43(A) by modifying a sentence in the defendant's absence. Bryant, therefore, should control this case and is different from State v. Smith.[3] In Smith, defendant had served his sentence, was never informed of post-release control, and was appealing a charge of escape for violation of post-release control. Consequently, I believe Smith is distinguishable from the fact in the instant case and therefore does not apply.
 Appendix A {¶ 20} Appellant's assignments of error:
 {¶ 21} "I. The appellant was denied his right to effective assistance of counsel as guaranteed by the Ohio and Federal constitutions when defense counsel failed to file a motion to consolidate the robbery offenses pursuant to criminal rule 8(A) and criminal rule 13."
 {¶ 22} "II. The trial court erred when it failed to order the prosecutor to consolidate the indictments pursuant to criminal rule 8(A) and criminal rule 13."
 {¶ 23} "III. The trial court erred in sentencing appellant without complying with the requirements of O.R.C. 2929.19(3)(b)-(f) which required the court to notify him that as part of the sentence the parole board may extend the stated prison term for certain violations of prison rules for up to one-half the stated prison term."
 {¶ 24} "IV. The trial court erred in sentencing appellant without complying with the requirements of O.R.C. 2929.19(3)(C) that he will be supervised under section 2967.28 of the revised code after the offender leaves prison if the offender is being sentenced for a felony of the first degree or second degree, for a felony sex offense, or for a felony fo the third degree in the commission of which the offender caused or threatened to cause physical harm to a person."
 {¶ 25} "V. The trial court erred in sentencing appellant without complying with the requirements of ORC 2929.19(3)(D) that he will be supervised under section 2967.28 of the revised code after the offender leaves prison if the offender is being sentenced for a felony of the third, fourth or fifth degree that is not subject to division (B)(3)(C) of this section."
 {¶ 26} "VI. The trial court erred in sentencing appellant without complying with the requirements of ORC 2929.19(3)(E) notifying the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(3)(C) or (D) of this section, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section2967.131 of the revised code, the parole board may impose a prison term as part of the sentence of up to one-half of the stated prison term originally imposed upon the offender."
 {¶ 27} "VII. The trial court erred in imposing a prison term for felonies of the fourth and fifth degree or for a felony drug offense by not clearly stating its reasons for imposing the prison term, based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the revised code and any factors listed in divisions (B)(1)(A) to (I) of section 2929.13 of the revised code that it found to apply relative to the offender."
 {¶ 28} "VIII. The trial court erred in imposing maximum prison terms for a felony of the fourth degree and a felony of the fifth degree drug offense by not clearly stating its reasons for imposing the maximum prison term based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the revised code."
[2] Cuyahoga App. No. 79841, 2002-Ohio-2136.
[3] Cuyahoga App. No. 81344, 2003-Ohio-3215.